IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ARKANSAS BUSINESS LIMITED PARTNERSHIP**　　　　　　　　　　**PLAINTIFF**

**vs.**　　　　**NO. 4:03-CV-00313 GTE**
　　　　　　　　**NO. 4:04-CV-00305 GTE**

**ARKANSAS BUSINESS PUBLISHING GROUP, INC.;**
**JIM BOLT; ARKANSAS BUSINESS JOURNAL, INC.;**
**NORTHWEST ARKANSAS BUSINESS JOURNAL, INC.;**
**JOHN DODGE; and JUAN GOMEZ**　　　　　　　　　　**DEFENDANTS**

## ORDER DENYING STAY

Before the Court is Defendants' Motion for Stay requesting that this Court stay its Judgment entered on May 3, 2005 against Defendants, jointly and severally, in the amounts of $7,816.05 and $84,253.01. Plaintiff has responded and objects to the requested stay. After considering the matter, the Court concludes that the stay must be denied.

## DISCUSSION

As cause for staying the previously entered Judgment, Defendants contend that they are preparing their Notice of Appeal and "are without the necessary funds in which to purchase a supersedeas bond." Defendants state the Defendant companies, all of which are wholly owned by Defendant Jim Bolt, have no assets. The individual Defendants further state that they lack any funds to secure a supersedeas bond. Defendants assert that there is a substantial likelihood that they will prevail on appeal and that any action to enforce the judgments will cause irreparable damage to each Defendant.[1] The Court disagrees strongly with the Defendants' assertion that a substantial likelihood exists that they will prevail on appeal.

---

[1] Defendants make no effort to describe the alleged "irreparable damage."

- 1 -

Nonetheless, assuming that Defendants would be entitled to a stay under Rule 62(d) of the Federal Rules of Civil Procedure if they could post a supersedeas bond, their motion for a stay fails because they have not secured a supersedeas bond and they have failed to propose a plan to provide security to adequately protect the Plaintiff's interests pending appeal.

In opposing the motion, Plaintiff argues that Fed. R. Civ. P. 62(d), which provides, in part, that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay" has been interpreted by courts to require the posting of a bond in order to secure the prevailing party's interest while a case is on appeal. *Evolution, Inc. v. Sun Trust Bank*, 2005 U.S. Dist. LEXIS 8078 (D. Kan. 2005). Although the language of Fed.R.Civ.P. 62(d) arguably implies that giving a bond is a necessary step in order to obtain a stay pending appeal, the majority of the Circuits permit a district judge, in her discretion, to grant a stay without a bond or with a modified bond.[2] This issue does not appear to have been addressed by the Eighth Circuit Court of Appeals, but the Court predicts that were it to address the issue, that it would fall in line with the majority rule. Thus, for purposes of this motion, the Court assumes that it may, in its discretion, waive or modify the supersedeas bond requirement.

It is equally clear, however, that such discretion should be exercised only in "extraordinary circumstances," and only where alternative means of securing the judgment creditor's interest are available. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 1992 WL 114953 at *1-2 (E.D.Pa.1992); *Morgan Guaranty Trust v. Republic of Palau,* 702 F.Supp.

---

[2] *See, e.g., Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1559-60 (10th Cir.1996); *Townsend v. Holman Consulting Corp.,* 881 F.2d 788, 796-97 (9th Cir.1989); *Poplar Grove Planting and Refining Co. Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979); *Dillon v. City of Chicago,* 866 F.2d 902, 904 (7th Cir.1988); *Texaco, Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1154 (2d Cir.1986), *rev'd on other grounds,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Federal Prescription Serv., Inc. v. American Pharm. Assoc.,* 636 F.2d 755, 758 (D.C.Cir.1980).

60, 65 (S.D.N.Y.1988) (the district court has discretion to grant a stay of judgment with no supersedeas bond or with only a partial supersedeas bond if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery). Defendants, as the appellant seeking the stay, have the "duty to propose a plan that will provide adequate (or as adequate as possible) security" for the appellee. *U.S. v. Kurtz*, 528 F.Supp. 1113, 1115 (E.D. Pa. 1981).

Each and every Defendant claims he (or it) is without sufficient assets to post a supersedeas bond. Yet, Defendants have made no effort to propose any alternative form of security. In effect, the Defendants' motion requests that the Court waive Rule 62(d)'s bond requirement entirely. This the Court cannot do. *See Kurtz, supra; See also Key Corporate Capital, Inc. v. Tilley*, 2005 U.S. Dist. LEXIS 1108, 2-3 (E.D. Pa. 2005)("Courts will deny a motion to stay when the movant does not propose a plan that will provide adequate alternative security or when the movant does not support his allegation that he is unable to post a bond.").

Accordingly, the Defendants request for a stay of the Judgment pending appeal must be denied.

## CONCLUSION

For the reasons stated herein,

IT IS HEREBY ORDERED THAT Defendants' Motion to Stay (Docket No. 117 in Case No. 4:03-CV-313; Docket No. 5 in Case No. 4:04-CV-00305) be, and it is hereby, DENIED.

IT IS SO ORDERED this 28th day of July, 2005.

        /s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE